UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ROBERT JACOB MCGEE                              CIVIL ACTION

VERSUS                                          NO: 08-4715

ROWAN COMPANIES INC.                            SECTION: "J" (4)

## ORDER AND REASONS

Before the Court is Defendant's **Motion to Exclude or Limit Expert Testimony and Report of Edward G. Webster** (Rec. D. 18), **Motion to Limit Expert Testimony and Reports of Plaintiff's Vocational Rehabilitation Counselor, Nathaniel Fentress** (Rec. D. 19), and **MOTION to Limit Expert Testimony and Report of Plaintiff's Expert Economist, Harold A. Asher, C.P.A.** (Rec. D. 20). Having considered the motions and legal memoranda, the record, and the law, the Court finds that Defendant's **Motions** are **DENIED.**

## BACKGROUND

This case was filed October 22, 2008 and relates to an injury

sustained by Plaintiff while working on an oil rig owned by Defendant. Plaintiff alleges that while attempting to remove the bridal line, he was injured by the travel block which shifted. This case is set for pretrial on July 30, 2009 and bench trial August 24, 2009.

## **Motion to Exclude or Limit Expert Testimony and Report of Edward G. Webster**

**PARTIES ARGUMENTS:**

Defendant alleges that the report prepared by Edward G. Webster, a safety expert, should be excluded as irrelevant. In support of this position he cites Matherne v. MISR Shipping Co. where the district court held that expert testimony should not be used where a layman may make the safety determination itself. 1991 U.S. Dist. LEXIS 7723 at * 1 (E.D. La. May 31, 1991). Defendant elaborates that the report prepared by Mr. Webster does not offer specific details about why certain procedures are unsafe but instead makes conclusory statements about the various procedures employed on defendant's oil rig,

Defendant also argues that Mr. Webster's report is irrelevant as to the proceedings because he cites ILO Convention No. 147 which is not applicable to the vessel in question because

2

it was not "in navigation" at the time the accident occurred. Additionally, Defendant argues that ILO Convention 134 (which calls for employers to investigate occupational accidents) has not been adopted by the United States. Finally, Defendant argues that the General Duty Clause, 33 C.F.R. 142.40 does not apply int his case because plaintiff does not identify a recognized hazard against which the General Duty protects.

Plaintiff's argue that the technical aspects of this case are sufficiently complex to require expert testimony. Plaintiff further argues that the vessel in question was in fact "in navigation." Plaintiff cites recent Supreme Court precedent which defines the "in navigation" question as one of whether the relevant vessel is "used, or capable of being used" for maritime transportation. <u>Stewart v. Dutra Constr. Co.</u>, 543 U.S. 481, 496 (U.S. 2005)

**DISCUSSION:**

The Court rejects outright the claim that this report does not satisfy the requirements of an expert. Where a judge sits as a the trier of fact, the limitations regarding expert reports is relaxed. <u>Gibbs v. Gibbs</u>, 210 F.3d 491, 500 (5th Cir.2000). In this case, the Court will be able to distinguish common sense from safety requirements requiring an expert's evaluation.

The Court also finds that the vessel was in navigation for the purposes of the law and as such the ILO Convention No. 147 applies. <u>Stewart</u> at 496. The Court will weigh the application of ILO Convention No. 134 as advisory since it has not been formally adopted by the United States. The Court will treat as a question of fact whether or not the General Duty Clause was violated. 33 C.F.R. 142.40

**<u>Motion to Limit Expert Testimony and Reports of Plaintiff's Vocational Rehabilitation Counselor, Nathaniel Fentress</u>**

**PARTIES ARGUMENTS:**

Defendant argues that Mr. Fentress offers opinions beyond his expertise and make factually incorrect conclusions. Plaintiff counters that Mr. Fentress bases his conclusions on medical evidence that was provided to him by Plaintiff's doctors. Plaintiff contends that Mr. Fentress draws no independent medical conclusions.

**DISCUSSION:**

The testimony and report of Mr. Fentress is admissible. Defendant's objections with respect to the basis of his testimony go the credibility of Mr. Fentress' testimony and not to its admissibility in a bench trial.

## Motion to Limit Expert Testimony and Report of Plaintiff's Expert Economist, Harold A. Asher, C.P.A.

**PARTIES ARGUMENTS:**

Defendant argues that Mr. Asher's report is insufficiently supported and relies on the wrong legal standard to calculate Mr. McGee's lost wages by providing a calculation of losses both pre and post taxation. Plaintiff points out that Mr. Asher provides the Court with both calculations - giving the Court the discretion to apply the proper standard. Plaintiff also argues that Mr. Asher uses calculations in his report which are accepted practice for forensic accountants.

**DISCUSSION:**

The testimony and report of Mr. Asher is admissible. Defendant's objections go the credibility of Mr. Asher's testimony and not to its admissibility in a bench trial.

## CONCLUSION:

**IT IS ORDERED** that Defendant's **Motion to Exclude or Limit Expert Testimony and Report of Edward G. Webster** (Rec. D. 18), **Motion to Limit Expert Testimony and Reports of Plaintiff's Vocational Rehabilitation Counselor, Nathaniel Fentress** (Rec. D.

19), and **MOTION to Limit Expert Testimony and Report of Plaintiff's Expert Economist, Harold A. Asher, C.P.A.** (Rec. D. 20) are **DENIED.**

New Orleans, Louisiana, this 23rd day of July, 2009.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE